1 | ELIZABETH A. STRANGE
First Assistant United States Attorney
2 | District of Arizona
LACY COOPER
3 | Assistant U.S. Attorney
Arizona State Bar No. 024064
4 | Two Renaissance Square
40 N. Central Ave., Suite 800
5 | Phoenix, Arizona 85004
Telephone: 602-514-7500
6 | Email: Lacy.Cooper@usdoj.gov
Attorneys for Plaintiff

LODGED
RECEIVED    COPY

APR 1 7 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR- 17-01350-PHX-JJT (ESW) |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| Samer Hussein, | |
| Defendant. | |

Plaintiff, United States of America, and the defendant, Samer Hussein, hereby agree to dispose of this matter on the following terms and conditions:

**1.    PLEA**

The defendant will plead guilty to Count 1 of the Indictment charging the defendant with a violation of Title 18, United States Code (U.S.C.), Sections 922(g)(1) and 924(a)(2), Felon in Possession of a Firearm, a Class C felony offense.

The defendant will also consent to the forfeiture allegation in the Indictment.

**2.    MAXIMUM PENALTIES**

a.    A violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), is punishable by a maximum fine of $250,000, a maximum term of imprisonment of 10 years, or both, and a maximum term of supervised release of three years.

b.    According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

1    (1)    make restitution to any victim of the offense pursuant to 18 U.S.C.
2 § 3663 and/or 3663A, unless the Court determines that restitution would not be
3 appropriate;

4    (2)    pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a
5 fine is not appropriate;

6    (3)    serve a term of supervised release when required by statute or when a
7 sentence of imprisonment of more than one year is imposed (with the understanding that
8 the Court may impose a term of supervised release in all other cases); and

9    (4)    pay upon conviction a $100 special assessment for each count to
10 which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

11    c.    The Court is required to consider the Sentencing Guidelines in determining
12 the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court
13 is free to exercise its discretion to impose any reasonable sentence up to the maximum set
14 by statute for the crime(s) of conviction, unless there are stipulations to the contrary that
15 the Court accepts.

16 **3.    AGREEMENTS REGARDING SENTENCING**

17    a.    Acceptance of Responsibility. If the defendant makes full and complete
18 disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's
19 commission of the offense, and if the defendant demonstrates an acceptance of
20 responsibility for this offense up to and including the time of sentencing, the United States
21 will recommend a two-level reduction in the applicable Sentencing Guidelines offense
22 level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more,
23 the United States will recommend an additional one-level reduction in the applicable
24 Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

25    b.    Stipulation: Sentencing Cap. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the
26 United States and the defendant stipulate and agree that the defendant shall be sentenced
27 to a term of imprisonment that does not exceed the low end of the Sentencing Guidelines
28 range, as determined by the Court at time of sentencing.

- 2 -

c.     Non-Binding Recommendations.     The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

d.     Assets and Financial Responsibility.     The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest.  The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose.  Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

**4.     AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a.     This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5.     COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a.     If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b.     If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States

- 3 -

1  shall be free to prosecute the defendant for all crimes of which it then has knowledge and
2  any charges that have been dismissed because of this plea agreement shall automatically
3  be reinstated.  In such event, the defendant waives any and all objections, motions, and
4  defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional
5  restrictions in bringing later charges or proceedings.  The defendant understands that any
6  statements made at the time of the defendant's change of plea or sentencing may be used
7  against the defendant in any subsequent hearing, trial, or proceeding subject to the
8  limitations of Fed. R. Evid. 410.

9  **6.    WAIVER OF DEFENSES AND APPEAL RIGHTS**

10        The defendant waives (1) any and all motions, defenses, probable cause
11 determinations, and objections that the defendant could assert to the indictment or
12 information; and (2) any right to file an appeal, any collateral attack, and any other writ or
13 motion that challenges the conviction, an order of restitution or forfeiture, the entry of
14 judgment against the defendant, or any aspect of the defendant's sentence, including the
15 manner in which the sentence is determined, including but not limited to any appeals under
16 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255
17 (habeas petitions), and any right to file a motion for modification of sentence, including
18 under 18 U.S.C. § 3582(c).  This waiver shall result in the dismissal of any appeal,
19 collateral attack, or other motion the defendant might file challenging the conviction, order
20 of restitution or forfeiture, or sentence in this case.  This waiver shall not be construed to
21 bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial
22 misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

23 **7.    DISCLOSURE OF INFORMATION**

24        a.    The United States retains the unrestricted right to provide information and
25 make any and all statements it deems appropriate to the U.S. Probation Office and to the
26 Court in connection with the case.

27

28

- 4 -

1        b.     Any information, statements, documents, and evidence that the defendant

2  provides to the United States pursuant to this agreement may be used against the defendant

3  at any time.

4        c.     The defendant shall cooperate fully with the U.S. Probation Office.  Such

5  cooperation shall include providing complete and truthful responses to questions posed by

6  the U.S. Probation Office including, but not limited to, questions relating to:

7        (1)     criminal convictions, history of drug abuse, and mental illness; and

8        (2)     financial information, including present financial assets or liabilities

9  that relate to the ability of the defendant to pay a fine or restitution.

10  **8.   FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

11        a.     Nothing in this agreement shall be construed to protect the defendant from

12  administrative or civil forfeiture proceedings or prohibit the United States from proceeding

13  with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all

14  monetary penalties, including restitution imposed by the Court, shall be due immediately

15  upon judgment, shall be subject to immediate enforcement by the United States, and shall

16  be submitted to the Treasury Offset Program so that any federal payment or transfer of

17  returned property the defendant receives may be offset and applied to federal debts (which

18  offset will not affect the periodic payment schedule).  If the Court imposes a schedule of

19  payments, the schedule of payments shall be merely a schedule of minimum payments and

20  shall not be a limitation on the methods available to the United States to enforce the

21  judgment.

22        b.     The defendant agrees to forfeit, and hereby forfeits, all interest in any asset

23  that the defendant owns or over which the defendant exercises control, directly or

24  indirectly, as well as any property that is traceable to, derived from, fungible with, or a

25  substitute for property that constitutes the proceeds of the offense(s), or which was used to

26  facilitate the commission of the offense(s), including the following property:

27        • One F.LLI Pietta 1873 revolver, serial # E067782.

28

- 5 -

1    c.    The defendant further agrees to waive all interest in any such asset in any
2   administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.
3   The defendant agrees to consent to the entry of orders of forfeiture for such property and
4   waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding
5   notice of the forfeiture in the charging instrument, announcement of the forfeiture at
6   sentencing, and incorporation of the forfeiture in the judgment.  The defendant further
7   understands and agrees that forfeiture of the assets is appropriate and in accordance with
8   the applicable forfeiture statutes, which may include 8 U.S.C. § 1324(b), 18 U.S.C.
9   §§ 924(d), 981, 982 and 2253, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c).

10    d.    Forfeiture of the defendant's assets shall not be treated as satisfaction of any
11   fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the
12   defendant in addition to forfeiture.  This agreement does not preclude the United States
13   from instituting any civil or administrative forfeiture proceedings as may be appropriate
14   now or in the future.

15    e.    The defendant agrees to waive all constitutional and statutory challenges in
16   any manner (including direct appeal, habeas corpus, double jeopardy or any other means)
17   to any forfeiture imposed as a result of this guilty plea or any pending or completed
18   administrative or civil forfeiture actions, including that the forfeiture constitutes an
19   excessive fine or punishment.  The defendant agrees to take all steps as requested by the
20   United States to pass clear title to forfeitable assets to the United States, and to testify
21   truthfully in any judicial forfeiture proceeding.  The defendant acknowledges that all
22   property covered by this agreement is subject to forfeiture as proceeds of illegal conduct,
23   property facilitating illegal conduct, and substitute assets for property otherwise subject to
24   forfeiture, and that no other person or entity has a legitimate claim to these items listed.

25    f.    The defendant agrees not to file a claim to any of the listed property in any
26   civil proceeding, administrative or judicial, which may be initiated.  The defendant further
27   agrees that he/she will not contest civil, administrative or judicial forfeiture of the listed
28   property.  The defendant agrees to waive his/her right to notice of any forfeiture proceeding

- 6 -

1  involving this property, and agrees not to file a claim or assist others in filing a claim in
2  that forfeiture proceeding.

3       g.      The government reserves its right to proceed against any remaining assets
4  not identified either in this agreement or in any civil actions which are being resolved along
5  with this plea of guilty, including any property in which the defendant has any interest or
6  control, if said assets, real or personal, tangible or intangible were involved in the
7  offense(s).

8       h.      The defendant hereby waives, and agrees to hold the government and its
9  agents and employees harmless from any and all claims whatsoever in connection with the
10  seizure, forfeiture, and disposal of the property described above. Without limitation, the
11  defendant understands and agrees that by virtue of this plea of guilty, the defendant will
12  waive any rights or cause of action that the defendant might otherwise have had to claim
13  that he/she is a "substantially prevailing party" for the purpose of recovery of attorney fees
14  and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C.
15  § 2465(b)(1).

16  **9.**    **ELEMENTS**

17                      **Felon in Possession of a Firearm**

18       On or about May 15, 2017, in the District of Arizona:

19       1.      The defendant knowingly possessed a firearm;

20       2.      The firearm had previously been shipped or transported in interstate or
21            foreign commerce;

22       3.      At the time the defendant possessed the firearm, he had previously been
23            convicted of a crime punishable by a term of imprisonment exceeding one
24            year.

25  **10.**    **FACTUAL BASIS**

26       a.      The defendant admits that the following facts are true and that if this matter
27  were to proceed to trial the United States could prove the following facts beyond a
28  reasonable doubt:

- 7 -

On May 15, 2017, I, Samer Hussein, sold a F.LLI Pietta 1873 revolver to a Federal Bureau of Investigation (FBI) Confidential Human Source (CHS). I agree that the revolver had previously been shipped or transported in interstate or foreign commerce.

I admit that at the time I sold the firearm to the FBI CHS, I had been previously convicted of Criminal Damage on September 10, 2015 in Maricopa County Superior Court, Cause No. CR2014-002066-003, and Aggravated Assault on May 15, 2017 in Maricopa County Superior Court, Cause No. CR2016-147931-001, both crimes punishable by imprisonment for a term exceeding one year.

b.      The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

- 8 -

1    My guilty plea is not the result of force, threats, assurances, or promises, other than
2    the promises contained in this agreement.  I voluntarily agree to the provisions of this
3    agreement and I agree to be bound according to its provisions.

4    I understand that if I am granted probation or placed on supervised release by the
5    Court, the terms and conditions of such probation/supervised release are subject to
6    modification at any time.  I further understand that if I violate any of the conditions of my
7    probation/supervised release, my probation/supervised release may be revoked and upon
8    such revocation, notwithstanding any other provision of this agreement, I may be required
9    to serve a term of imprisonment or my sentence otherwise may be altered.

10   This written plea agreement, and any written addenda filed as attachments to this
11   plea agreement, contain all the terms and conditions of the plea.  Any additional
12   agreements, if any such agreements exist, shall be recorded in a separate document and
13   may be filed with the Court under seal; accordingly, additional agreements, if any, may not
14   be in the public record.

15   I further agree that promises, including any predictions as to the Sentencing
16   Guideline range or to any Sentencing Guideline factors that will apply, made by anyone
17   (including my attorney) that are not contained within this written plea agreement, are null
18   and void and have no force and effect.

19   I am satisfied that my defense attorney has represented me in a competent manner.

20   I fully understand the terms and conditions of this plea agreement.  I am not now
21   using or under the influence of any drug, medication, liquor, or other intoxicant or
22   depressant that would impair my ability to fully understand the terms and conditions of this
23   plea agreement.

24
25   Date

     SAMER HUSSEIN
26   Defendant
27
28

- 9 -

1

## APPROVAL OF DEFENSE COUNSEL

2        I have discussed this case and the plea agreement with my client in detail and have

3   advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

4   constitutional and other rights of an accused, the factual basis for and the nature of the

5   offense to which the guilty plea will be entered, possible defenses, and the consequences

6   of the guilty plea including the maximum statutory sentence possible.  I have further

7   discussed the concept of the advisory Sentencing Guidelines with the defendant.  No

8   assurances, promises, or representations have been given to me or to the defendant by the

9   United States or any of its representatives that are not contained in this written agreement.

10  I concur in the entry of the plea as indicated above and that the terms and conditions set

11  forth in this agreement are in the best interests of my client.  I agree to make a bona fide

12  effort to ensure that the guilty plea is entered in accordance with all the requirements of

13  Fed. R. Crim. P. 11.

14

15  Date __4/17/18__              _____
                                  ZACHARY D. CAIN
16                                Attorney for Defendant

17  //

18  //

19  //

20

21

22

23

24

25

26

27

28

- 10 -

1

**APPROVAL OF THE UNITED STATES**

2      I have reviewed this matter and the plea agreement.  I agree on behalf of the United

3   States that the terms and conditions set forth herein are appropriate and are in the best

4   interests of justice.

5

6                                    ELIZABETH A. STRANGE
                                     First Assistant United States Attorney
7                                    District of Arizona

8   _APRIL  17, 2018_ _____    _____
    Date                                     For LACY COOPER
9                                            Assistant U.S. Attorney

10

11                          **ACCEPTANCE BY THE COURT**

12

13  _____    _____
    Date                              HONORABLE JOHN J. TUCHI
14                                    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -